IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| In re: FORTENBERRY, JACK, FORTENBERRY, DEBORAH, Debtors. | Case No. 12-15384 SAH<br><br>Chapter 7 |
|---|---|

**FIRST AMENDED MOTION TO COMPROMISE CONTROVERSY
AND SETTLE PENDING SUIT/ADVERSARY**

**AND**

**BRIEF IN SUPPORT**

**AND**

**NOTICE OF OPPORTUNITY FOR HEARING**

**(Re: Adversary No. 14-01121)**

COMES NOW the Trustee, John D. Mashburn, and hereby requests that this Court issue its Order authorizing the Trustee to settle a specific controversy as discussed below. In support of his Motion, the Trustee would state as follows:

1.  The Trustee commenced Adversary proceeding No. 14-01121 in the United States Bankruptcy Court for the Western District of Oklahoma, (hereafter the "Adversary Proceeding"), by Complaint brought against Debtors as Defendants, (hereafter the "Defendants") to recover alleged property of the estate pursuant to 11 U.S.C. §542(a), and for injunctive relief.

2.  The Trustee alleged therein that at the time of filing of the Petition for Relief herein, this bankruptcy estate included the following property:

Debtor, Jack Fortenberry's Qui Tam Action, styled:

UNITED STATES OF AMERICA, *ex rel* JACK FORTENBERRY, Plaintiff/Relator, v. (1) THE HOLLOWAY GROUP, INC., et al., Defendants; Case No. CV – 11 – 247 – R; Pending in the United States District Court for the Western District of Oklahoma,

(hereafter the "Property" or the "Federal Action").

3. The Trustee further alleged that said Property was and is property of the estate pursuant to 11 U.S.C. §541.

4. The Defendants alleged that said Property had been abandoned from the estate upon the original closing of the bankruptcy by operation of 11 U.S.C. § 554(c).

5. Counsel for the Trustee and counsel for Defendants have engaged in settlement discussions including discussion of the relative merits of the case. Ultimately, the Trustee made and the Defendants accepted, an offer whereby Defendant, JACK FORTENBERRY, would pay $10,000.00 to the Estate in settlement of all claims of the Estate against Defendants, contingent upon approval of this Court.

6. The terms of settlement are that upon approval of the Court:

   a. The Trustee and the Estate release all claims against the Defendants including any claim that the Property or the Federal Action was not abandoned upon the original closing of this bankruptcy proceeding, any claim for turnover of the Property, claims for injunctive relief, and/or other relief which was or may have been set forth in the Trustee's Compliant;

   b. The parties stipulate that said Property is and was abandoned to the Defendants/Debtors upon the original closing of this bankruptcy proceeding on May 7, 2013, and remains abandoned;

   c. To the extent necessary to place the Defendant in full ownership and control of the Property and the Federal Action, the Trustee assigns all rights and interests of the Trustee in the Property to Defendant, JACK FORTENBERRY, upon entry of the Order upon this Motion and payment of the consideration stated herein by said Defendant;

   d. Defendant, JACK FORTENBERRY, will pay to the Trustee said $10,000.00, upon entry of an Order approving this Motion;

  e. Defendants release all claims, whether unsecured, priority, arising out of this settlement and payment, or otherwise, against the Estate; and

  f. The Adversary Proceeding will be dismissed with prejudice.

7. Other terms of settlement include: that all terms of settlement are conditioned upon approval of this Court; that all parties bear their own attorney's fees, expenses and costs; and that all parties stipulate that in the event settlement is not approved by the Bankruptcy Court, then the representations made in this Motion will not be deemed to be admissions of any party or its counsel and will have no *res judicata*, collateral estoppel, law of the case or other binding effect in any future adversary proceedings between the parties.

8. After investigation of the facts, the potential outcomes of the Adversary proceeding, the costs of trial or summary judgment and collection and the likely expenses and fees which would be incurred in continuation of the Adversary proceeding, the Trustee and his counsel believe the negotiated settlement is in the best interest of the Estate.

## **BRIEF IN SUPPORT**

Bankruptcy Rule 9019 allows the Trustee to request settlement of a controversy. The approval of the Bankruptcy Court must be an informed decision based on an objective evaluation of the case. *See In re Kopexa Realty Venture Co.*, 213 Bankr. 1020 (B.A.P. 10th Cir. 1997), *Reiss v. Hagmann*, 881 F.2d 890, 892, (10th Cir. 1989).

Generally, in considering a proposed settlement, the Court should look at following factors:

1. The probable success of the underlying litigation;
2. The possible difficulty in collecting any judgment which may be granted;
3. The complexity and expense of the litigation; and
4. The interests of creditors in deference to their reasonable views.

**1.      The Probable Success of the Underlying Litigation.**

The Trustee believes the probability of success of the underlying litigation – in terms of prevailing as against the Defendants – is very good. However, only one of the underlying claims of the Property has been tentatively settled. The reported settlement amount of $35,000.00 is the gross amount, from which the claim of the Defendant and therefore the Estate would be at most 25% or $8,750.00. The remaining claim is unsettled and would require further litigation and or negotiations which, without the Defendant as a participant, would be cumbersome at best and would require starting from ground zero with new counsel to avoid claims of existing counsel which would likely consume all or most of the recovery. Liquidation of either the pending settlement or the remaining claim in the federal litigation would require further litigation to avoid claims of attorneys and purported attorneys' liens whereas this proposed compromise is not subject to any claimed liens of Defendants' attorneys.

Therefore, though the Trustee believes he would be successful in both the litigation of the Adversary and the underlying Property litigation, clearly the Estate's litigation costs surrounding the same were destined to be significant and out of proportion to the potential recoveries. Settlement avoids the costs of trial or summary judgment and the costs of collection of any judgment. While continued litigation would probably be successful, it would not predictably result in a judgment in a greater amount than the settlement. Moreover, the probability of continued litigation resulting in a net recovery, after deducting costs of litigation, in excess of the amount of the settlement, is very low.

**2.      The Possible Difficulty in Collecting Any Judgment Which May Be Granted.**

Difficulty in collection of a judgment – in terms of recovery of the Property which is the subject of the adversary – was a factor here. However, as set forth above, recovery in the underlying

federal litigation by the Trustee would be costly and not likely to result in a greater net recovery. Moreover, even assuming the Trustee would be successful, there is a possibility that any verdict would have been appealed thus further delaying payment.

**3.     The Complexity and Expense of the Litigation.**

The litigation in the adversary is moderately complex considering the legal and factual issues standing alone. However, the federal litigation is extremely complex and costly, especially viewed in relation to the amount in controversy. The attorney fees and costs of briefing and/or trial preparation and trial would have been significant and likely could have consumed most, if not all, of the difference between the settlement amount and the full amount demanded.

**4.     The Interests of Creditors in Deference to Their Reasonable Views.**

The primary interest of the creditors of this estate is whether the proposed settlement provides a greater distribution to them than they might receive from the probable outcome of a trial. The settlement amount avoids the uncertainty and delay of trial here and in the federal action and saves the estate the additional attorney fees and costs which would otherwise be incurred in preparation for trial and trial and in collection of the judgment. Consequently, the Trustee believes the settlement is in the best interests of all creditors and that the creditors should and would favor said settlement.

## CONCLUSION

The purpose of a motion to compromise is to exchange a certain recovery for the risk, uncertainty and delay of further litigation. The Trustee and his counsel are in the best position to

analyze this case and determine the probability of success and of obtaining a greater net recovery. The Trustee also has every motivation to seek to obtain the maximum recovery possible.

Taking into consideration the issues which the Trustee would face at trial and the expenses which would be incurred in proceeding, the significant probability that no greater *net* amount could be obtained even by prevailing in the litigation clearly weighs in favor of settlement. The Trustee and his counsel believe – based upon the foregoing – that this settlement is in the best interests of creditors of the estate.

        Respectfully submitted,

        *s/ John D. Mashburn*
JOHN D. MASHBURN, OBA#12763
GARVIN, AGEE, CARLTON & MASHBURN, P.C.
1616 E 19th Street, Ste. 301A
Edmond, OK 73013
(405) 726-9795 Telephone
(405) 726-9796 Facsimile

ATTORNEY FOR TRUSTEE

## **NOTICE**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 21 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned Movant/Movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 21 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006. service.

## **CERTIFICATE OF SERVICE**

This is to certify that, on the date of filing as set forth in the Clerk's filing stamp above, I mailed, first-class postage prepaid, a true and correct copy of the above and foregoing to the parties listed on the mailing matrix attached to and filed with the original hereof.

This is to further certify that, on the date of filing as set forth in the Clerk's filing stamp above, service of a true and correct copy of the above and foregoing was effected, through Electronic Notice for Registered Participants using the Court's CM/ECF system, upon all Registered Participants.

                                             *s/ John D. Mashburn*
                                             JOHN D. MASHBURN

CHASE FREEDOM VISA CREDIT
PO BOX 979020
MIAMI FL 33197-9020


CHASE SLATE VISA
PO BOX 979020
MIAMI FL 33197-9020


CITI BANK MASTERCARD
PO BOX 6000
SIOUX FALLS SD 57117


DISCOVER
PO BOX 30961
SALT LAKE CITY UT 84130-0961


FIRST NATIONAL BANK OF OMAHA VISA
PO BOX 3696
OMAHA NE 68103-0696


MERCY HOSPITAL OKLAHOMA CITY
1730 E PORTLAND ST
SPRINGFIELD MO 65804


MIDFIRST BANK
5800 N WESTERN
OKLAHOMA CITY OK 73118


MIDFIRST BANK
5800 N. WESTERN
OKLAHOMA CITY OK 73127


OKLAHOMA HEART HOSPITAL
PO BOX 268864
OKLAHOMA CITY OK 73126

```
RADIOLOGY CONSULTANTS
PO BOX 95818
OKLAHOMA CITY OK 73143-5818


STAGE STORES INC
10201 MAIN ST
HOUSTON TX 77025


TINKER CREDIT UNION
PO BOX 45750
TINKER AFB, OK 73145


TINKER FED CREDIT UNION
TINKER AFB OKLAHOMA
OKLAHOMA CITY OK 73145


TINKER FEDERAL CREDIT UNION
POB 45750
TINKER AFB OKLAHOMA
OKLAHOMA CITY OK 73145


VALARITY
P.O. BOX 505023
ST. LOUIS MO 63150
```